UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Erin M. Reynolds,** ) | **CASE NO. 1:22 CV 1642** |
| ) | |
| Plaintiff, ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| v. ) | |
| ) | **Memorandum of Opinion and Order** |
| **Dominic J. Coletta,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

**INTRODUCTION**

*Pro se* Plaintiff Erin M. Reynolds filed this action against Lyndhurst Municipal Court Judge Dominic J. Coletta, Lyndhurst Municipal Court Clerk Janet R. Colaluca, and Attorney Anthony J. Huspaska. Reynolds challenges the result of a case brought against her in the Lyndhurst Municipal Court by Citibank. The only discernable legal claim in the Complaint is one of conspiracy. She seeks $1,343,366.74 in damages. Coletta and Colaluca filed a Joint Motion to Dismiss. (Doc. No. 5). Reynolds filed a Motion for Summary Judgment. (Doc. No. 9). For the reasons stated below, the Motion to Dismiss is granted, the Motion for Summary Judgment is denied, and this action is dismissed.

**BACKGROUND**

Reynolds's Complaint is very brief and contains no facts. It states:

> 1. The Tortfeasors intentionally conspired to move a false complaint against me.

> 2. The Tortfeasors admit to such conspiracy - *see Exhibits A, B, and C* as attachments.
>
> 3. I now have damage worth $ 1,343,366.74 United States dollars (at this time) because of the Tortfeasors' act of such conspiracy.

(Doc. No. 1 at 2). The Exhibits to which Reynolds refers are documents she created and purportedly sent to Coletta, Colaluca, and Huspaska demanding that they produce an original contract with Citibank that contains her ink signature within 72 hours or she would construe their silence as an admission of guilt to conspiracy to "move a false complaint." (Doc. 1-1). She provides no factual allegations and no explanation of her conspiracy claim.

All of the factual information in this case comes from Coletta and Colaluca's Motion to Dismiss. (Doc. No. 5). They allege that Attorney Huspaska filed a Complaint on behalf of Citibank against Reynolds in the Lyndhurst Municipal Court on March 22, 2022, to collect a debt. Colaluca is the Clerk of Court for the Lyndhurst Municipal Court. Coletta is the Municipal Court Judge who presided over her case. Citibank filed a Motion for Summary Judgment on June 29, 2022. While that motion was pending, Reynolds sent Coletta, Colaluca, and Huspaska the self-created documents described above. One week later, on August 16, 2022, Judge Coletta granted Citibank's Motion for Summary Judgment and entered a judgment against Reynolds for $ 9,169.74 plus costs.

Coletta and Colaluca filed a joint Motion to Dismiss this action asserting that this Court lacks subject matter jurisdiction over this case. They assert that in order to decide Reynold's fraud claim, the Court would necessarily have to review the underlying state court judgment. They contend this type of review by a District Court is barred by the *Rooker-Feldman* doctrine.

They also claim they are absolutely immune from suits for damages for actions performed in completion of their respective official duties as Judge and Clerk of Court, and are similarly immune from damages under Ohio Revised Code § 2744.02-.03. In addition, they assert that Reynolds's Complaint is composed entirely of legal conclusions and fails to state a claim upon which relief may be granted. Finally, they contend Reynolds did not properly serve them with the Complaint in this action.

      Reynolds filed a response to the Motion to Dismiss. (Doc. No. 6). She contends that this Court has subject matter jurisdiction because "every federal court has both (a) the power to hear every claim that is brought by the people to that court and (b) the power to provide the restoration of rights (property) to the people." (Doc. No. 6 at 1). She cites to Article III of the United States Constitution and contends she and the Defendants are diverse. Also citing Article III, she states that this action is "neither ripe nor moot" and states she has no less than $1,567,881.23 for the loss of property.[1] She contends that because Coletta, Colaluca, and Huspaska did not comply with her demand to her satisfaction, they waived all immunity. Finally, she claims she is exempt from both State and Federal Rules of Civil Procedure because she is exclusive to the legal society and because there are no laws that require people to follow these rules. She concludes that she only has to provide Coletta, Colaluca, and Huspaska with notice of the lawsuit to meet the requirements of due process. She states she does not have to comply with the Rules of Civil Procedure regarding service of pleadings.

      Reynolds also filed a Motion for Summary Judgment. (Doc. No. 9). She contends Coletta, Colaluca, and Huspaska failed to provide sworn evidence that disproves her suit. She

---

[1] Reynolds stated in her Complaint that her damages were $1,343,366.74.

states that because Coletta, Colaluca, and Huspaska failed to comply with her demand in the Municipal Court, they admitted that they were in a conspiracy and, therefore, the Court has no issues of fact to decide. She states the Court should grant judgment in her favor.

### STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges a court's subject matter jurisdiction. Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Rule 12(b)(1) motions may challenge jurisdiction facially or factually. Fed.R.Civ.P. 12(b)(1); *United States v. Richie*, 15 F.3d 592, 598 (6th Cir.1994). In a facial attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction. *See In re Title Ins. Antitrust Cases*, 702 F.Supp.2d 840, 884-85 (N.D. Ohio 2010), citing, *Ohio Hosp. Ass'n v. Shalala*, 978 F.Supp. 735, 739 (N.D. Ohio. 1997). By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *Id.* A challenge to subject matter jurisdiction may be considered a factual attack when the attack relies on extrinsic evidence, as opposed to the pleadings alone, to contest the truth of the allegations. *Id*. The plaintiff has the burden of proving subject matter jurisdiction in order to survive a motion to dismiss pursuant to

Rule 12(b)(1). *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir.1996).  Lack of subject matter jurisdiction is a non-waivable, fatal defect that may be addressed by the court on its own motion at any stage of the proceedings.  *Curry v. U.S. Bulk Transport, Inc*. 462 F.3d 536, 539-40 (6th Cir. 2006); *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir.1990); *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir.1988).

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the function of the court is to test the legal sufficiency of the complaint.  *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993).  The Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and recently in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009) clarified the law regarding what the plaintiff must plead in order to survive a motion to dismiss under Rule 12(b)(6).

When determining whether the plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555.  The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.  Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id*.  The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Court in *Iqbal*, 556 U.S. at 677-678 , further explains the "plausibility" requirement, stating that "a claim has facial

plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### DISCUSSION

This Court agrees with Coletta and Colaluca that Reynolds has not established subject matter jurisdiction over the matters presented here; however, the Court does not need to determine whether the *Rooker-Feldman* doctrine applies to this case to arrive at this conclusion. Reynolds failed to establish a general basis for federal court jurisdiction under 28 U.S.C. §§ 1331, 1332 or any other federal statute authorizing federal court jurisdiction.

Contrary to Reynolds's assertion, federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of

federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, Reynolds must establish that she is a citizen of one state and all of the defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27 28 (1983).

Diversity of citizenship does not exist in this case. A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. Fed.R.Civ.P. 8. In a diversity action, the plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc.*, No. 03-3350, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003). Reynolds does not allege where she is domiciled but she lists her address as Richmond Heights, Ohio. Coletta is an Ohio Municipal Court Judge, and Colaluca is an Ohio Municipal Court Clerk.[2] As both Reynolds and two of the defendants are citizens of Ohio, diversity of citizenship is not complete and federal court jurisdiction cannot be based on diversity of citizenship.

---

[2] Reynolds attempts to use Huspaska to establish diversity of citizenship, and lists an address for him in Grand Rapids, Michigan. This is one of the addresses for Stenger & Stenger, the law firm for which Huspaska works. The firm also has offices in Colorado, Georgia, Indiana, Kentucky, Minnesota, New Jersey, Tennessee, and Ohio. Huspaska works from the Ohio office located in Berea, Ohio. *See* https://www.stengerlaw.com. This suggests that all of the parties to this lawsuit are domiciled in Ohio.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the court looks only to the "well-pleaded allegations of the Complaint and ignores potential defenses" a defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Here, Reynolds failed to properly identify a federal question in this case. She asserts, without any context, that she believes Coletta, Colaluca, and Huspaska conspired to pursue a false complaint against her. Conspiracy claims, without more, arise under state law, not federal law. References to Article III of the United States Constitution do not state a federal claim that establishes federal question subject matter jurisdiction. Reynolds failed to establish a basis for federal jurisdiction and this case must be dismissed.

Moreover, even if Reynolds had established federal subject matter jurisdiction, her Complaint fails to state a plausible, non-frivolous claim for relief. This entire action appears to be based on documents Reynolds created and sent to the Coletta, Colaluca, and Huspaska demanding that they produce evidence of a debt to her satisfaction or she would deem them to have admitted to participating in a conspiracy to file a false complaint against her. She further contends that their failure to respond to her demand letter would double as their Answer to the Complaint she filed in this action. These statements are not consistent with Federal Civil Procedure Rule 8, are factually frivolous, and fail to state a claim as a matter of law. Furthermore, conspiracy claims must be pled with some degree of specificity. *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir.1987). Vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim. *Id.; Ashcroft v. Iqbal*, 556 U.S. 662,

677-78 (2009). Plaintiff's allegations are not supported by material facts and do not meet the minimal pleading requirements of Federal Civil Procedure Rule 8.

## CONCLUSION

Accordingly, Defendants' Motion to Dismiss (Doc. No. 5) is granted and Plaintiff's Motion for Summary Judgment (Doc. No. 9) is denied. This action is dismissed pursuant to Federal Civil Procedure Rules 12(b)(1) and 12(b)(6). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated:  12/7/22